UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00821-KMB-RLY |
| | ) | |
| JACKSON, | ) | |
| C. BISHOP, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART SECOND MOTION FOR PROTECTIVE ORDER**

In this case Plaintiff Michael Woods alleges, as relevant here, that Defendant Jackson deprived him of hygiene items for 13 days while on "strip cell" status and drinking water for 8 days after he was removed from strip cell status. *See* dkt. 18 at 4 (Screening Order). He also alleges that Defendant Bishop deprived him of access to his religious materials after he was removed from strip cell status. *Id.* Defendants seek an order protecting them from producing two Indiana Department of Correction ("IDOC") policies in discovery: (1) Post Orders for PCF/IR-GCH Restricted Housing Unit dated April 14, 2023 ("2023 Post Orders"); and (2) Post Orders for PCF/IR-GCH Restricted Housing Unit dated June 13, 2024 ("2024 Post Orders"). Dkt. 43. Defendant filed an *ex parte* copy of the policies for the Court's *in camera* review. Dkt. 44.

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 further states that a court may issue a protective order "for good

1

cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This allowance includes prescribing alternate methods of conducting discovery and requiring that certain confidential information "be revealed only in a specified way," among other methods of protecting a party's interests during discovery. *Id.*

The United States Supreme Court has long established that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Before issuing the requested protective order, the Court must independently determine whether "good cause" exists to issue the order. *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002); *see also Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999); *see also* Fed. R. Civ. P. 26(c)(1)(G). When determining whether good cause exists for a protective order, the Court "must balance the interest of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party." *Range v. Brubaker*, No. 3:07-CV-480, 2008 WL 5248983, at *3 (N.D. Ind. Dec. 16, 2008) (cleaned up). In addition, when prison administrators assert that producing confidential documents would present a safety or security threat, courts give deference to their judgment. *Cf., e.g.*, *Wells v. Israel*, 854 F.2d 995, 998 (7th Cir. 1988); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

Defendants argue that the cell inspection procedures in the two sets of Post Orders are considered confidential because they include information about how and when custody staff can perform inspections, searches, and examinations. Dkt. 43 at 3. They contend that, if an inmate became aware of these protocols, there would be an increased chance that the inmate could evade or manipulate a search, which would lead to safety and security issues. *Id.* They also argue that, if Plaintiff is given access to the Post Orders, "it is likely that this information would be shared with

other offenders in the prison setting, increasing the risk of widespread assaults on offenders and staff, as well as increasing the risk of an organized riot or other disturbance." *Id.* They contend that inmates "could use information gleaned from these policies to circumvent the traditional investigative processes, increasing the likelihood of harm to anyone involved." *Id.* They submit an affidavit from IDOC attorney Robert Bugher to support their motion. Dkt. 43-1.

The Court has conducted an *in-camera* review of the two sets of Post Orders. Defendants' arguments in favor of entering a protective order as to the entirety of the Post Orders are largely disconnected from the actual content of the Post Orders. The vast majority of the information in the Post Orders is unrelated to inspections, searches, examinations, and investigative processes. Instead, most of the information relates to the day-to-day operations of the GCH Unit at Pendleton Correctional Facility. Much of the information has no arguable relevance to this case, but some of it does—including information about what types of property are allowed when an inmate is on strip-cell status. Defendants have offered no argument as to why those portions of the Post Orders present a safety and security threat if Plaintiff is allowed to see them, nor does the Court discern any such threat. That said, the Court recognizes Defendants' security concerns, particularly with respect to the portions of the Post Orders that have no relevance to this case and some of the details of the provisions that discuss cell inspections. Accordingly, the Court finds that there is good cause to limit Plaintiff's access to the Post Orders. To balance these conflicting interests, the Court **partially grants** Defendant's second motion for protective order, dkt. [43], consistent with the following:

1. Defendants shall have **7 days from the date of this Order** to provide Plaintiff with "Confidential View Only" access to a redacted version of the 2023 Post Orders filed

for the Court's *in-camera* review.[1] Defendant may redact everything but the following portions: (a) on page 3, starting at "d. Anytime an incarcerated individual is being sent to GCH" and stopping at the end of the list at the top of page 4 (the list that ends with "12. (2) Towels."); (2) on page 5, starting at "8. Cell Inspections" and ending at the end of section 8 (the sentence ending "then forwarded to the Custody Supervisor's Office for retention"); the text in the two sets of parentheses in section 8(b) may be redacted; (3) on page 7, starting at paragraph V(B) (the paragraph starting "Incarcerated individuals placed in Disciplinary Restrictive Status Housing") and stopping at the end of paragraph V(D) (the paragraph ending "will also be supplied with a new toothbrush"); (4) on page 12, starting at paragraph M(1) (the paragraph that starts "Once secured in the shower") and stopping at the end of paragraph M(1) at the top of page 13 (the sentence that ends "until he surrenders his razor back to Staff"); (5) on page 13, paragraph M(2) (the paragraph that begins, "All person hygiene items shall be provided"); and (6) the unnumbered paragraph at the end of page 18 (the paragraph that starts "Post orders, like any written procedure").

2. Defendants shall have **7 days from the date of this Order** to provide Plaintiff with "Confidential View Only" access to a redacted version of the 2024 Post Orders filed for the Court's *in-camera* review.[2] Defendant may redact everything but the following

---

[1] The redacted document that Defendant provides Plaintiff shall be a copy of Docket No. 44-1. Should the document be relevant to any filings Plaintiff submits to the Court, he may cite to the document as Docket No. 44-1 with appropriate citations to the page numbers included in the original text of the document, as that document is already a part of the Court's record. He need not submit another copy of the document.

[2] The redacted document that Defendant provides Plaintiff shall be a copy of Docket No. 44-2. Should the document be relevant to any filings Plaintiff submits to the Court, he may cite to the document as Docket No. 44-2 with appropriate citations to the page numbers included in the

portions: (a) on page 3, starting at "d. Anytime an incarcerated individual is being sent to GCH" and stopping at the end of the list at the top of page 4 (the list that ends with "12. (2) Towels."); (2) on page 5, starting at "8. Cell Inspections" and stopping at the end of section 8 (the sentence ending "then forwarded to the Custody Supervisor's Office for retention"); the text in the two sets of parentheses in section 8(b) may be redacted; (3) on page 7, starting at paragraph V(B) (the paragraph starting "Incarcerated individuals placed in Disciplinary Restrictive Status Housing") and stopping at the end of paragraph V(D) (the paragraph ending "will also be supplied with a new toothbrush"); (4) on page 12, starting at paragraph M(1) (the paragraph that starts "Once secured in the shower") and stopping at the end of paragraph M(1) at the top of page 13 (the sentence that ends "until he surrenders his razor back to Staff"); (5) on page 13, paragraph M(2) (the paragraph that begins, "All person hygiene items shall be provided"); and (6) the unnumbered paragraph at the end of page 18 (the paragraph that starts "Post orders, like any written procedure").

3. The redacted Post Orders shall be maintained by prison officials in Plaintiff's file. Plaintiff shall have supervised access to the redacted documents to the extent necessary to analyze and develop his claims in this action. He is not permitted to retain any copies of the redacted documents. Outside of discussions with any future counsel, Plaintiff is prohibited from disseminating, communicating to anyone, or using =information gained from viewing the redacted documents outside of this litigation. If Plaintiff

---

original text of the document, as that document is already a part of the Court's record. He need not submit another copy of the document.

subsequently obtains counsel, the redacted document shall subsequently be kept in a file maintained in confidence by such counsel and shall not be produced to Plaintiff.

4.  Before any disclosure of the redacted documents to Plaintiff, he must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

**IT IS SO ORDERED.**

Date: 4/9/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

MICHAEL WOODS
911570
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All counsel of record via CM/ECF